COMMONWEALTH *vs.* JOHN F. FALLON.

No. 99-P-1075.

Norfolk. October 17, 2000. - December 28, 2001.

Present: ARMSTRONG, C.J., BECK, & RAPOZA, JJ.

*Moot Question.*

This court dismissed an appeal from an order revoking the defendant's proba-
tion on a previously suspended six-month sentence to a house of correc-
tion, not on the merits, but because it had become moot, where the six-
month sentence, reimposed upon revocation, was served and the defendant
was discharged well before the appeal was briefed, and where judicial
notice was taken of the fact that the defendant was convicted of the new
charges on which the revocation order was based. [474-475]

COMPLAINT received and sworn to in the Dedham Division of
the District Court Court Department on September 16, 1998.

A proceeding for revocation of probation was heard by *Ger-
ald Alch*, J.

*Kirk Highfield* for the defendant.

*James A. Reidy*, Assistant District Attorney, for the
Commonwealth.

ARMSTRONG, C.J. The defendant appealed from an order
entered February 22, 1999, revoking his probation on a previ-
ously suspended six-month sentence to a house of correction.
The sentence had been imposed following his guilty pleas to
charges of operating while under the influence of liquor (OUI),
second offense, operating when his license to drive was under
suspension, and failing to stop for the police. The sentence was
imposed on the OUI conviction (the other charges were filed)
on October 22, 1998; but it was suspended, and the defendant
put on probation, until October 28, 2000.

During that probationary period, on February 10, 1999, the
defendant was arraigned on two new offenses, assault and bat-

tery against his female companion, and intimidation of a witness. In consequence of the new charges, the defendant's probation was revoked after a preliminary determination of probable cause and a hearing on disposition, at which the court heard the testimony of the victim and the officer who responded to the telephoned report made on the morning of the attack. At the request of the probation department, the hearing was conducted for it by an assistant district attorney, the defendant being also represented by counsel.

The defendant questions in three respects the procedural regularity of the revocation proceedings.[1] We shall not reach those contentions because we are in accord with the Commonwealth's view that the appeal is now moot. The six-month sentence, reimposed upon revocation, see *Commonwealth* v. *Holmgren*, 421 Mass. 224, 228 (1995), was not stayed, either in the District Court or here. As a result, the sentence was served and the defendant was discharged well before the appeal was briefed.

In several such cases in recent years — that is, cases in which the defendant's probation was revoked and his appeal from the revocation order was not heard before completion of the sentence — we have determined that we should consider the appeal, citing the possible collateral consequences that might later stem from the revocation. See, e.g., *Commonwealth* v. *Brown*, 23 Mass. App. Ct. 612, 614-615 (1987); *Commonwealth* v. *Smith*, 38 Mass. App. Ct. 324, 325 n.1 (1995); *Commonwealth* v. *Christian*, 46 Mass. App. Ct. 477, 479-480, *S.C.*, 428 Mass. 1022 (1999); *Commonwealth* v. *Streeter*, 50 Mass. App. Ct. 128, 130-131 (2000). Those decisions were based on a recognition that the "revocation in itself implies a failure of the [defendant] to satisfy the obligations of conditional liberty,"

---

[1]The contentions are (1) that permitting an assistant district attorney to conduct the hearing for the probation department impermissibly violates separation of powers principles, see *Commonwealth* v. *Milton*, 427 Mass. 18, 22-23 (1998), and *Commonwealth* v. *Tate*, 34 Mass. App. Ct. 446, 447-448 (1993); (2) that the judge employed an incorrect probable cause standard of proof, see *Commonwealth* v. *Holmgren*, 421 Mass. 224, 226 (1995) (requiring proof by a preponderance of the evidence); and (3) that the judge failed to make findings of fact or otherwise state reasons for revocation, see *Commonwealth* v. *Durling*, 407 Mass. 108, 113 (1990).

*Blake* v. *Massachusetts Parole Bd.*, 369 Mass. 701, 704 (1976), and thus might influence future administrative or judicial decisions on bail, sentencing, or parole. See *ibid.*

In this case, however, we take judicial notice, see *Hotchkiss* v. *State Racing Commn.*, 45 Mass. App. Ct. 684, 686 n.1 (1998), of the fact that the defendant was convicted of the new charges on which the revocation order was based. The convictions establish, as matter of record, based on the higher, beyond a reasonable doubt standard of proof, see *Commonwealth* v. *Holmgren*, 421 Mass. at 225-227, that the defendant, while on probation, violated the conditions of his freedom by committing new criminal offenses. That fact submerges any residual negative consequences of the probation revocation, so that questions concerning the validity of the revocation are now purely academic. See *Gross* v. *Bishop*, 377 F.2d 492, 494 (8th Cir. 1967).

The appeal is therefore dismissed, not on the merits, but because it has become moot.

*So ordered.*