COMMONWEALTH *vs.* TROY HARDIMAN. No. 02-P-1029. April 18, 2003. *Practice, Criminal,* Probation, Revocation of probation. *Moot Question.*

In November, 1999, the defendant pleaded guilty in Ipswich District Court to a charge of breaking and entering in the night time with intent to commit a felony, G. L. c. 266, § 16. He was sentenced to a jail term of eighteen months, six months to serve, the balance suspended until November 15, 2001, with probation. During the probationary period, he was charged with crimes in the Salem District Court and served with a notice of probation violation that alleged that he had violated probation in the Ipswich case by committing the crimes with which he was charged in Salem District Court. On April 23, 2002, the defendant was found to have violated probation, his probation was revoked, and he was ordered to serve the one-year balance of his sentence.

The defendant appeals from the order revoking his probation on the ground that the decision was based on unreliable hearsay evidence. This evidence was largely derived from the police report of a Salem police officer who had responded to a radio transmission that a car was broken into on the lot of a Texaco gasoline station. An employee of the station recognized the defendant, a former employee, as the person who got out of the car and fled.

We need not decide whether this evidence was sufficiently reliable to obviate the need for confrontation. See *Commonwealth* v. *Durling*, 407 Mass. 108, 118 (1990). See also Rule 6(b) of the District Court Rules for Probation Violation Proceedings (West 2000) and commentary to Rule 6.

We allowed the Commonwealth's motion to expand the record to include the docket of the Salem District Court proceedings. The docket reflects that the defendant pleaded guilty and was convicted of two charges in connection with the Salem crimes. He was sentenced to two concurrent ninety-day terms, to be served after his Ipswich term was concluded. As of the date of this opinion, the Ipswich sentence had not yet been fully served.

Conviction of a subsequent crime, whether as a result of a guilty plea or following trial, precludes a probationer from relitigating the issue in a revocation proceeding "based on the logic that, if the wrong was proved beyond a reasonable doubt, the Commonwealth need not be compelled to prove the case again on the lesser standard of proof." *Commonwealth* v. *Holmgren*, 421 Mass. 224, 227-228 (1995). The fact that, based on his plea of guilty, the defendant was subsequently convicted of the crime for which his probation was revoked "submerges any residual negative consequences of the probation revocation." *Commonwealth* v. *Fallon*, 53 Mass. App. Ct. 473, 475 (2001). See *Commonwealth* v. *Bartos*, 57 Mass. App. Ct. 751, 755 (2003) ("we accept that a guilty plea does qualify as a *Fallon* type 'submerger' "). Any question concerning the validity of the revocation is now purely academic and we

therefore dismiss the appeal as moot. *Ibid.*

*So ordered.*