## COMMONWEALTH *vs.* MILTON AQUINO.

Hampden. October 5, 2005. - December 2, 2005.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Practice, Criminal,* Probation, Revocation of probation.

A Superior Court judge lacked jurisdiction to revoke the criminal defendant's
probation and impose sanctions for behavior that occurred after the date on
which the defendant's probation was scheduled to terminate, even where
the defendant was on notice that revocation proceedings had begun but had
been continued at his request. [448-451]

INDICTMENTS found and returned in the Superior Court Department on March 3, 1998.

A probation revocation hearing was held by *Tina S. Page*, J., and motions for reconsideration were heard by her.

The Supreme Judicial Court granted an application for direct appellate review.

*Douglas J. Beaton* for the defendant.

*Dianne M. Dillon*, Assistant District Attorney, for the Commonwealth.

*David J. Nathanson*, Committee for Public Counsel Services, for Committee of Public Counsel Services, amicus curiae, submitted a brief.

COWIN, J. We are called on to decide whether the Superior Court has jurisdiction to revoke probation and impose sanctions for behavior occurring after the date on which a defendant's probation was scheduled to terminate when the defendant was on notice that revocation proceedings had begun but had been continued at his request.

The essential facts are contained in a Superior Court judge's memorandum of decision and are not disputed.[1] On July 13,

---

[1] Where necessary, the facts in the judge's memorandum of decision are supplemented with uncontested evidence appearing in the record.

1998, the defendant, Milton Aquino, pleaded guilty to stalking and was sentenced to two and one-half years in a house of correction. He was also placed on probation for a period of three years, with a scheduled probation expiration date of February 15, 2003.[2,3] The defendant was notified that because he had failed to perform community service and to pay a probation supervision fee, he was "required to report" for an administrative hearing on January 30, 2003. Although the notice stated that failure to report for the hearing "is a violation of your probation," the defendant did not appear for the hearing. Accordingly, a notice of violation of probation was sent to him on February 3. A prerevocation hearing was scheduled for February 12, 2003; at the request of the defendant, the judge continued the hearing until February 20, so that the defendant could hire an attorney. No hearing went forward that day because the attorney for the defendant could not be present. The court continued the matter until February 27.

In the interim, on February 21 and February 26, 2003, the defendant telephoned the complainant in the underlying indictments and threatened her. A criminal complaint issued against him for these offenses on February 27, 2003. As a result, the prerevocation hearing was rescheduled for March 18. On that date, a dangerousness hearing on the new charges, see G. L. c. 276, § 58A, was held in the District Court. The defendant was found to be dangerous and held without bail. After the hearing, he was served with an amended notice of violation that included the new charges.

A probation surrender hearing was scheduled for May 6, 2003, and, on that date, the defendant "did not challenge" the violations contained in the surrender notice, including the subsequent arrest. He did request that any sentence imposed not

---

[2]The defendant also received concurrent one-year sentences to a house of correction on two convictions of violating abuse prevention orders and two convictions of assault and battery. In addition, he pleaded guilty to breaking and entering with the intent to commit a misdemeanor and was ordered to serve six months of probation concurrent with the three-year probation.

[3]The scheduled probation expiration date is less than five and one-half years after the date of sentencing. That is explained by the fact that the sentence of two and one-half years was imposed concurrently with a sentence the defendant was then serving on a "District Court case" with "credit [for] 168 days."

exceed six months in a house of correction. The Commonwealth sought a sentence to State prison and "relied heavily" on the defendant's threatening conduct as charged in the new complaints. The judge terminated probation and sentenced the defendant to from two to four years at the Massachusetts Correctional Institution, at Cedar Junction. The sentence took into consideration the "nature of the post probation[] conduct."

The defendant moved for reconsideration on the ground that the judge erred in fashioning a sentence that considered conduct occurring after his probationary term. The judge agreed with the defendant and allowed the motion for reconsideration, noting in her memorandum and order that she would not have imposed a State prison sentence if the only infractions had been the so-called "technical" violations contained in the original notice of surrender. The Commonwealth then moved for reconsideration on the ground that the defendant remained on probation when he committed the new offenses.

The judge vacated her initial order of reconsideration and the sentence imposed remained in effect. She denied the defendant's second motion for reconsideration. The defendant appealed and we granted the Commonwealth's application for direct appellate review. We conclude that, on these facts, the judge could not sanction the defendant for violations committed after his scheduled termination of probation on February 15, 2003.

Both parties are in agreement that the probationer may not be penalized through probation revocation proceedings for offenses occurring after probation has ended.[4] The question posed is when the defendant's probation ended. The Commonwealth contends that because the defendant received notice of violations during the probation period and revocation proceedings were continued at the defendant's request beyond the scheduled termination date, the defendant remained on probation beyond that termination date and therefore could be penalized as part of the probation process for new offenses committed before his probation was actually terminated. According to the Commonwealth, a court can exercise inherent power to issue orders pursuant to its duty to supervise the defendant. The defendant

---

[4]The defendant may of course be prosecuted for the new offenses by means of a new complaint.

maintains that a judge cannot consider offenses committed after the expiration of his probationary term, even though such offenses were committed before his formal discharge from probation.

The case is governed by *Commonwealth* v. *Sawicki*, 369 Mass. 377 (1975). There, a judge in the Superior Court reported the question whether the Superior Court had jurisdiction after the expiration of a defendant's term of probation to enter an order extending the term of that probation based on the defendant's violations of conditions of probation that occurred during the term. We answered the question affirmatively, and noted that although there is "power in the court [to act] beyond the probationary period . . . we of course confine the power to action in respect to violations committed during the period." *Id.* at 384. Thus, in the *Sawicki* case, although we concluded that the judge retained jurisdiction to act beyond the term of probation and could extend that term, we stated that the acts that constituted the basis for that extension must have been violations of probation committed within the scope of the probationary term in question. *Id.*

Similarly, in the present case, a court retains the authority to act beyond the original period of probation, but it may not penalize the defendant for violations committed beyond that period. We add, as we did in the *Sawicki* case, that the judge must "decide the question of extension or revocation of probation within a reasonable time." *Id.* at 384-385. But see *Commonwealth* v. *Odoardi*, 397 Mass. 28, 35-37 (1986) (probation revoked twenty-two months after indictments on new charges, seven months after date of convictions, and nearly six months after date probation due to expire; delay not shown to be unreasonable where record did not indicate either that Commonwealth failed to act diligently or that defendant was prejudiced); *Commonwealth* v. *Collins*, 31 Mass. App. Ct. 679, 681-684 (1991) (although probation revocation proceeding was commenced more than five years after commission of offenses on which revocation was based and almost four years after defendant's probation would have expired, delay was not unreasonable and did not constitute due process violation).

The Commonwealth contends that the Superior Court was

responsible for supervising the defendant until "final disposition" of the case and that, because that had not yet occurred, the judge had inherent power to compel compliance with the probationary terms until an order entered terminating probation. The Commonwealth's argument concerning inherent power does not comport with our holding in *Commonwealth* v. *Jackson,* 369 Mass. 904, 923-924 (1976), that a court has no "inherent power" to create or impose periods of probation without explicit legislative authorization. To the extent the Commonwealth suggests that the defendant's probation was extended on February 12, 2003, because he "was on notice that his case was still pending," such notice cannot extend probation. Probation may be extended only after notice and compliance with other requirements. See, e.g., *Gagnon* v. *Scarpelli,* 411 U.S. 778, 786 (1973); *Morrissey* v. *Brewer,* 408 U.S. 471, 488-489 (1972); *Commonwealth* v. *Harrison,* 429 Mass. 866, 867-868 (1999). The defendant is entitled, inter alia, to an opportunity to be heard, see *id.*; the right to counsel, see *Commonwealth* v. *Faulkner,* 418 Mass. 352, 364-365 (1994); and specific findings of fact, see *Commonwealth* v. *Marvin,* 417 Mass. 291, 292 n.1 (1994). Finally, the Commonwealth asserts that the defendant's request for a continuance to obtain counsel was a waiver of his constitutional rights. The assertion of one right (the right to counsel) does not act as a waiver of other rights (e.g., the right to be heard, the right to specific findings), see *Commonwealth* v. *Cavanaugh,* 371 Mass. 46, 55-56 (1976).[5]

Because we cannot determine on the record presented what action the judge would have taken had she found the defendant

[5]Along with its claim of "waiver," the Commonwealth asserts that the defendant should be "estopped" from arguing that his probation ended at the expiration of the original term. In essence, the Commonwealth contends that by means of his request for a continuance of the February 12, 2003, hearing to a date that would be beyond the expiration of his original probationary term, the defendant implicitly consented to the extension of his probation pending the outcome of the revocation proceedings. We see no such waiver or consent on this record, particularly given the proposition that a waiver of constitutional rights must be express and cannot be implied. See, e.g., *Ciummei* v. *Commonwealth,* 378 Mass. 504, 509 (1979) (where defendant waives right to jury trial, colloquy required to make "clear record" of defendant's waiver and to ensure that waiver was made "voluntarily and intelligently"). A waiver of constitutional rights and a consent to the extension of probation do not lurk in a mere request for a continuance.

in violation of probation based on the violations committed during the original period of probation, we remand the case to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*