## COMMONWEALTH *vs.* HECTOR H., a juvenile.

No. 06-P-739.

Suffolk. January 17, 2007. - May 14, 2007.

Present: RAPOZA, C.J., LENK, DUFFLY, GREEN, & SIKORA, JJ.

*Moot Question. Juvenile Court,* Probation.

A juvenile's appeal from a probation revocation order by a Juvenile Court judge was rendered moot by the judge's subsequent adjudication of delinquency following the juvenile's admissions to facts sufficient to warrant findings of guilt beyond a reasonable doubt on offenses based on the same misconduct underlying the revocation order [45-46], and by the evidentiary force of the admissions, which conclusively validated the earlier findings of probation violations by the judge [46-47].

COMPLAINTS received and sworn to in the Suffolk County Division of the Juvenile Court Department on December 22, 2004, and March 18, 2005.

A probation surrender hearing was had before *Paul D. Lewis,* J.

*Krista M. Larsen* for the juvenile.

*Janis D. Noble,* Assistant District Attorney, for the Commonwealth.

SIKORA, J. A juvenile, whom we shall call Hector (a pseudonym), appeals from the revocation of his probation and his resulting commitment to the control of the Department of Youth Services for an indefinite period by a judge of the Juvenile Court. The parties have argued issues of (1) mootness and (2) the quality of the evidence of probation violation submitted by the Commonwealth. We rule the dispute now moot. Therefore, we dismiss the appeal and leave the order revoking probation in force.

*Procedural history.* An account of several proceedings is necessary. On December 22, 2004, the Boston Juvenile Court

issued a complaint against Hector, then twelve years old, for possession with intent to distribute a Class B controlled substance (cocaine) in violation of G. L. c. 94C, § 32A, and for trespassing in violation of G. L. c. 266, § 120. On January 4, 2005, a Juvenile Court judge accepted Hector's tender of pleas to those charges. The judge continued the case without a finding for one year and imposed conditions of probation. The conditions included compliance with all local, State, and Federal laws; an order to "stay away" from the Bromley-Heath Housing Development in Jamaica Plain; and the avoidance of any "new arrests."

On March 18, 2005, the Boston Juvenile Court issued a second complaint against Hector. It charged trespassing in violation of G. L. c. 266, § 120, and disturbance of the peace in violation of G. L. c. 272, § 53.

On July 11, 2005, Hector admitted to violation of the probation terms of January 4. The same judge revoked the continuance without a finding, adjudicated him delinquent upon the original charges, and placed him on probation for one year. At the same time, Hector submitted a tender of plea to the March 18, 2005, charges. The court continued them without a finding for one year and imposed new conditions of probation for that period. They included (1) obedience to local, State, and Federal laws and court orders; (2) an order to report to his assigned probation officer as required by that officer; (3) avoidance of the Bromley-Heath Housing Development; (4) participation in the court's "JRC [Juvenile Resource Center] Level Three" program requiring use of an electronic monitor bracelet and regular physical attendance at the Juvenile Resource Center; and (5) completion of twelve days of community service within the year.

On August 11, 2005, the Boston Juvenile Court issued a third complaint. It charged that on August 10, 2005, Hector had intimidated a witness in a pending criminal prosecution in violation of G. L. c. 268, § 13B, and had committed a trespass in violation of G. L. c. 266, § 120. On the same day the Department of Probation served Hector with notice of alleged violations of the conditions imposed on July 11. The alleged violations consisted of (1) the charges of intimidation and trespass;

(2) failure to report to his probation officer; (3) failure to report to the Juvenile Resource Center; and (4) failure to undertake community service. A second Juvenile Court judge found probable cause of the violations and scheduled a final probation surrender hearing.

On December 16, 2005, the surrender hearing went forward. The second Juvenile Court judge received testimony from three police officers and Hector's probation officer. At the conclusion of the hearing he found and ruled orally that Hector had violated the terms of his probation. The judge committed him to the control of the Department of Youth Services. In a memorandum of decision he found multiple violations of probation warranting revocation: (1) the arrest of Hector upon the charges of August 11, 2005; (2) his failure twice to report to his probation officer; and (3) his failure to report to the Juvenile Resource Center program on ten required days during the thirty-day period of July 11 to August 11, 2005.

On September 12, 2006, the Juvenile Court reached the charges of intimidation of a witness and trespass for trial. Hector submitted admissions to facts sufficient to warrant findings of guilt on the charges of threatening to commit a crime (a reduction of the charge of intimidation of a witness) and of trespass. A judge (one other than the revocation judge) entered findings of "delinquent" upon both charges. The court imposed a period of probation, with new terms, extending to March 12, 2008. Hector presently resides in the custody of his mother but until his eighteenth birthday remains subject to confinement by the Department of Youth Services as a result of the revocation of probation and the commitment orders of the revocation judge.

*Discussion. 1. Mootness.* The Commonwealth argues that Hector's admissions on September 12, 2006, to facts sufficient to warrant findings of delinquency upon the reduced charge of threats to commit a crime and to the original charge of trespass amount to pleas of guilt to the criminal conduct supporting the revocation decision; and that such an admission renders the present appeal from the revocation order moot and requires its dismissal. The Commonwealth relies primarily upon the result and reasoning of *Commonwealth* v. *Fallon,* 53 Mass. App. Ct. 473, 475 (2001), in which the defendant, who was appealing

from an order revoking probation, had, after the probation revocation, been "convicted of the new charges on which the revocation order was based." *Ibid.* That later conviction by proof beyond a reasonable doubt established the violation of probation, "submerge[d]" any remaining adverse consequences of the probation revocation, and rendered questions about its validity "purely academic." *Ibid.* Those adverse consequences include the effect of a probation revocation upon "future administrative or judicial decisions on bail, sentencing, or parole." *Id.* at 474-475, citing *Blake* v. *Massachusetts Parole Bd.*, 369 Mass. 701, 704 (1976). See *Commonwealth* v. *Christian*, 46 Mass. App. Ct. 477, 479-480, *S.C.*, 429 Mass. 1022 (1999). See also Mass.R.Crim.P. 28(d)(1), 378 Mass. 898 (1979) (directing the probation officer, as part of the mandatory presentence investigation, to report to the judge the results of all "prior criminal prosecutions or juvenile complaints" except those ending in a finding of not guilty).

Counsel for Hector contends that the present appeal remains alive and meaningful despite the subsequent admissions to facts sufficient for findings of wrongdoing, because the admission is not tantamount to the certainty of a conviction as occurred in the *Fallon* case and because the revocation continues to subject him to control and possible confinement by the Division of Youth Services until his eighteenth birthday.

We conclude, however, that the appeal is moot, on each of two separate grounds. First, although the juvenile did not proffer guilty pleas but only admissions to facts sufficient for findings of guilt beyond a reasonable doubt of the offenses of threatening to commit a crime (by frightening a witness in a pending criminal prosecution against a friend) and of trespass (entry into the Bromley-Heath project in violation of court orders to stay out), the second judge (who accepted the tender of pleas) adjudicated him "delinquent" on each charge.[1] Those adjudications constitute convictions. They submerge or subsume the effects of the earlier revocation of probation based on the same misconduct.

Second, and independently, the evidentiary force of the admis-

---

[1]Contrast *Commonwealth* v. *Bartos*, 57 Mass. App. Ct. 751, 754-757 (2003) (no final adjudication).

sions conclusively validates the earlier findings of probation violations by the revocation judge. To warrant revocation of probation, the Commonwealth must prove one or more violations of the conditions of probation by a preponderance of the evidence. *Commonwealth* v. *Holmgren*, 421 Mass. 224, 226 (1995) ("Although the burden of proof in a revocation of probation proceeding has been variously described, it is proof by a preponderance of the evidence"). Hector's admissions to the subsidiary facts concededly warranted findings of guilt of two criminal offenses and therefore more than satisfied the standard of proof — a lesser standard than that of proof beyond a reasonable doubt — borne by the Commonwealth and applied by the judge revoking probation. It established that he had violated the law and an important condition of the probation order of July 11, 2005.[2]

2. *Alternate ground of reliable proof of the August 10, 2005, charges.* The determination of mootness disposes of the appeal. We comment briefly upon the alternate ground argued extensively by the parties: the quality of the proof of the August 10, 2005, charges at the hearing of December 16, 2005. It would lead to the same conclusion: the validity of the revocation of probation. Proof of the charged misconduct of August 10, 2005, consisted predominantly of hearsay testimony from three police officers. The judge who presided over the revocation hearing credited the evidence as trustworthy under the standard of *Commonwealth* v. *Durling*, 407 Mass. 108, 117-120 (1990) ("[A] showing that the proffered [hearsay] evidence bears substantial indicia of reliability and is substantially trustworthy is a show-

---

[2]In these circumstances, the second ground of mootness resembles the operation of judicial estoppel. Under that principle a party may not successfully maintain a position in proceedings in one court and thereafter renounce or contradict that position in separate proceedings in another court. See the comprehensive discussions and collections of authority in *Paixao* v. *Paixao*, 429 Mass. 307, 308-311 (1999), and *Otis* v. *Arbella Mut. Ins. Co.*, 443 Mass. 634, 639-642 (2005). See also *Chiao-Yun Ku* v. *Framingham*, 53 Mass. App. Ct. 727, 729 (2002); *Commonwealth* v. *Gardner*, 67 Mass. App. Ct. 744, 747-748 & n.5 (2006). See generally *New Hampshire* v. *Maine*, 532 U.S. 742, 749-751 (2001). In this instance, Hector cannot consistently maintain the validity of his admission to one judge of facts sufficient for guilt of two criminal offenses beyond a reasonable doubt and the invalidity of the finding by another judge of the commission of those offenses upon a reasonable preponderance of evidence.

ing of good cause obviating the need for confrontation [of witnesses with personal knowledge of the facts underlying the newly charged offenses]"). The police officers' hearsay information carried the support of three recognized indicia of reliability: (i) factual detail from the complainants; (ii) the complainants' personal knowledge and direct observation of the facts reported; and (iii) corroborating observations by the officers. See *Commonwealth* v. *Durling*, 407 Mass. at 120-121; *Commonwealth* v. *Cates*, 57 Mass. App. Ct. 759, 763 (2003); and the commentary to Rule 6(b) of the District Court Rules for Probation Violation Proceedings (2000), Mass. Ann. Laws Court Rules, District Court Rules for Probation Violation Proceedings, at 785-787 (Lexis-Nexis 2006). The revocation judge was entitled to trust the hearsay information. If the case were not moot, this evidence would independently substantiate his findings of new violations and justify the resulting order revoking probation.[3]

*Appeal dismissed.*

---

[3]The record contains a third independently adequate ground for the revocation: several separate probation violations. The revocation judge found as breaches of probationary conditions the failure of Hector to report to his probation officer on two occasions during the first month of probation, and his failure to report to the Juvenile Resource Center program on at least ten days during the same period. No evidence contradicted those findings. The judge viewed the violations as important. Hector did not challenge them on appeal. Even if the appeal were not moot, those violations would justify the revocation.