After a probation revocation hearing in July, 2002, the defendant, Larry C. Ahart, was sentenced to eighteen months in the house of correction. Some five and one-half months later, following a hearing on his motion to revise and revoke his sentence pursuant to Mass.R.Crim.P. 29(a), 378 Mass. 899 (1979), the sentence was revoked and revised to two years of straight probation, reduced from a commitment of eighteen months in the house of correction; the defendant was released from custody.
He now appeals from the denial of two motions for a new trial. In his first motion, he challenged the validity of the hearing on his motion to revise and revoke because the motion was filed after the statutory sixty-day time limit and, thus, was untimely. In his second motion, the defendant argued that, during that same hearing, he received ineffective assistance of counsel when his attorney waived his presence and orally withdrew the pending appeal of the probation violation finding. We dismiss the appeal from the order on his first motion as moot, and affirm the order on the defendant's second motion for new trial.
Background. On April 10, 2002, the defendant pleaded guilty to assault by means of a dangerous weapon for throwing rocks at a police car. He was sentenced to one year of probation. On May 29, 2002, the defendant was charged with a separate criminal offense of assault and battery by means of a dangerous weapon. On July 23, 2002, based on this new charge, and after an evidentiary hearing, a District Court judge found the defendant in violation of the terms of his probation and sentenced him to a term of eighteen months in the house of correction.
On November 21, 2002, the defendant was found not guilty of the May 29, 2002, offense. On December 20, 2002, he filed a "Motion to Reconsider Sentence on Probation Surrender" (motion to revise and revoke), which was heard on January 8, 2003. On the day of the hearing, there was a delay in bringing the defendant from the house of correction, and his attorney, believing that the defendant would not arrive in time for the hearing, waived his presence. Also during that hearing, counsel orally withdrew the defendant's pending appeal from the July 23, 2002, probation violation finding. The judge allowed the motion to revise and revoke, as noted, reducing the defendant's sentence from eighteen months committed to two years "straight" probation, along with the same conditions as previously imposed.
On March 20, 2003, the defendant was charged with a second probation violation, to which he later stipulated. As a result of that second violation, the judge revoked his probation for a second time, and sentenced him to complete the original probation revocation sentence: eighteen months in the house of correction, with eight months' credit for time served.[2]
On February 12, 2015, the defendant filed a "Motion to Vacate Convictions, Withdraw Guilty Pleas, and/or For a New Trial" on the grounds that his December 20, 2002, motion to revise and revoke was untimely under rule 29(a), as it was filed more than sixty days after the probation revocation and resulting sentence. After a hearing, the judge denied the motion and issued a written decision on April 9, 2015; on June 2, 2015, the defendant was permitted to file a late notice of appeal from the denial of his motion.[3]
On May 3, 2016, the defendant filed a "Motion for New Trial, to Vacate Sentence, and to Reinstate Appeal and Request for an Evidentiary Hearing" on the grounds that he had received ineffective assistance at the January 8, 2003, revise and revoke hearing when his lawyer waived both his presence and his appeal from the July 23, 2002, finding of a probation violation.[4] That motion was denied without written findings; the defendant timely appealed.
Discussion. 1. April 9, 2015, order-timeliness of motion to revise and revoke. "A motion to revise or revoke a sentence must be filed within sixty days after a sentence is imposed. Mass.R.Crim.P. 29(a). It is well settled that a judge cannot consider such a motion filed beyond this time frame." Commonwealth v. DeJesus, 440 Mass. 147, 151 (2003). When "the judge [is] without jurisdiction to revise the sentence, his ... revision [is] void" and the original sentence is reinstated. Commonwealth v. McNulty, 42 Mass. App. Ct. 955, 957 (1997).
The defendant argues correctly that the revise and revoke hearing on January 8, 2003, was improper because the motion was filed after the sixty-day statutory time limit. His original sentence was eighteen months in the house of correction beginning on July 23, 2002, and that sentence should not have been altered. However, after May 21, 2003, when the defendant stipulated to a new probation violation, occurring on March 20, 2003, the original eighteen-month house of correction sentence was reinstated and eventually completed. As a result, the matter is moot. The defendant has fully served the sentence he seeks to appeal. See Commonwealth v. Fallon, 53 Mass. App. Ct. 473, 474 (2001) (appeal considered moot because appealed sentence was completely served well before appeal was briefed).
2. May 6, 2016, order-ineffective assistance of counsel. When examining a claim of ineffective assistance of counsel, "we first consider 'whether there has been serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer.' ... If we find such poor performance by counsel, we then ask 'whether it has likely deprived the defendant of an otherwise available, substantial ground of defence.' " Poe v. Sex Offender Registry Bd., 456 Mass. 801, 812 (2010), quoting from Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
a. Waiver of the defendant's presence. The defendant claims that his attorney inappropriately waived his presence at the revise and revoke hearing, which the defendant characterizes as a "sentencing" or "resentencing" hearing. The defendant correctly asserts that he has a fundamental right to be at a sentencing hearing because it is a critical part of a trial. See Katz v. Commonwealth, 379 Mass. 305, 315 (1979). However, the purpose of the challenged hearing was to address the defendant's motion to consider altering an existing sentence; it was not a resentencing hearing. "A defendant need not be present at a revision or revocation of sentence pursuant to rule 29 or at any proceeding where evidence is not to be taken." Mass.R.Crim.P. 18(a)(3), 378 Mass. 887 (1979). As a result, the defendant's presence was not required at the hearing.
The defendant argues that counsel's behavior fell "measurably below that which might be expected from an ordinary fallible lawyer." Poe, 456 Mass. at 812, quoting from Saferian, 366 Mass. at 96. In his affidavit, the attorney stated that he believed that, as a result of the hearing, the judge would rule in his client's favor and release him, and "it was appearing that Mr. Ahart was not going to be brought in." As a result, counsel chose to waive the defendant's presence rather than risk delaying the hearing and forcing the defendant to remain in custody until a later hearing date. Having in mind all of those circumstances, we cannot say the attorney's decision was an unreasonable one, and we conclude that the defendant failed to meet the first prong of the Saferian test. See Saferian, supra.
b. Withdrawal of appeal. "In adjudicating a motion for a new trial, the 'judge may rule on the issue or issues presented by such motion on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits.' " Commonwealth v. Drayton, 473 Mass. 23, 31 (2015), quoting from Mass.R.Crim.P. 30(c), as appearing in 435 Mass. 1501 (2001). "Absent explicit findings, we 'analyze[ ] the record to see if the findings implicit in the judge's ruling are supported.' " Commonwealth v. Grandison, 433 Mass. 135, 137 (2001), quoting from Commonwealth v. Gaulden, 383 Mass. 543, 547 (1981). The judge's "denial of the motion is an implicit statement that he did not credit the defendant's affidavit." Commonwealth v. Hennessey, 23 Mass. App. Ct. 384, 388 (1987). The judge is "entitled to reject summarily any claim supported only by the defendant's self-serving affidavits." Commonwealth v. Marrero, 459 Mass. 235, 241 (2011), quoting from Commonwealth v. Lucien, 440 Mass. 658, 672 (2004). "The defendant's self-serving affidavits and assertions are not sufficient, on their own, to raise a substantial issue." Commonwealth v. Scoggins, 439 Mass. 571, 578 (2003).
The judge's denial of the second motion for a new trial without a hearing or written findings implies that she found that the defendant's motion and affidavit raised no substantial issue. See Commonwealth v. Torres, 469 Mass. 398, 409 (2014). The defendant's claim that his attorney withdrew his appeal from the July 23, 2002, finding of probation violation without the defendant's knowledge or consent is supported only by the defendant's self-serving affidavit, which the motion judge apparently did not find credible.[5] In addition, the defendant's affidavit is contradicted by the motion attorney's affidavit, which states that "all aspects of the hearing and appeals were discussed and if [the defendant was] not in complete agreement [the attorney] would have been able to bring the matter forward to [the judge] that same day." The defendant's self-serving affidavit, which the motion judge did not credit, is not sufficient to raise a substantial issue, and thus the motion judge is not required to hold an evidentiary hearing on it. See Scoggins, 439 Mass. at 578. Based on the foregoing, it was reasonable for the motion judge to conclude, as she did, that there was no merit to the defendant's claim of ineffective assistance of counsel; the judge correctly denied the defendant's motion for a new trial without an additional hearing.
Conclusion. The appeal from the April 9, 2015, order denying the motion for new trial is dismissed, not on the merits, but because it has become moot. The May 6, 2016, order denying the motion for new trial is affirmed.
So ordered.
Appeal dismissed; order affirmed.

The defendant did not appeal from this probation violation finding or the resulting sentence. Nor did he appeal from the denial of two separate motions to vacate the April 10, 2002, plea. Thus, none of these matters are part of the appeals before us.

That notice was not filed until six months later, on December 14, 2015.

In that motion the defendant did not raise any challenge to his April 10, 2002, guilty plea.

The defendant's appeal from the July 23, 2002, probation violation finding is now moot. "[S]ubsequent convictions or guilty pleas render moot an appellate claim that a judge erred in determining that a probationer had violated the conditions of his probation by committing a new offense." Commonwealth v. Pena, 462 Mass. 183, 187 (2012). The defendant's appeal was based on a claim of insufficient evidence, which was made moot on May 21, 2003, when the defendant stipulated to a new notice of probation violation.