The defendant appeals from the order revoking his probation and imposing sentence, which was based on his failure to abide by the condition of his probation that prohibited him from contacting Devone Fox (his former wife) directly or indirectly. We affirm.
The defendant argues that there was insufficient evidence to prove by a preponderance of the evidence that he violated the condition of his probation[2] that required him to have "[n]o contact, direct or indirect in any form, and stay away from Devon[e] Fox." In essence, he contends that because the letters were addressed generally to the "Fox Family" (as opposed to the victim specifically) and because there was no direct evidence that he knew the victim (as opposed to the children living in the household) would open the letters, there was insufficient evidence of his intent to violate the condition of probation.[3] At the conclusion of the hearing, having considered (among other things) the letters and the victim's testimony, the judge specifically found that the defendant's intent was to contact the victim in violation of the probationary condition and, further, that "[t]he intended recipient and audience of those letters was at least [the victim]." The judge also found, based on his observation of the victim's testimony, that the letters reached their intended target, had their intended effect, and that the victim was terrified was a result.
"To warrant revocation of probation, the Commonwealth must prove one or more violations of the conditions of probation by a preponderance of the evidence." Commonwealth v. Hector H., 69 Mass. App. Ct. 43, 47 (2007). Our task is to determine whether, upon the record, there is "sufficient reliable evidence to warrant the findings by the judge that [the defendant] had violated the ... conditions of his probation ... and an accurate basis for determining whether revocation was proper." Commonwealth v. Morse, 50 Mass. App. Ct. 582, 594 (2000). Reliable evidence may be circumstantial, and inferences based on circumstantial evidence need only be "reasonable and possible and need not be necessary or inescapable." Commonwealth v. Casale, 381 Mass. 167, 173 (1980). Moreover, if conflicting inferences may reasonably be drawn from the evidence, it is for the finder of fact to decide which inference to draw. Commonwealth v. Miranda, 458 Mass. 100, 113 (2010).
Here, the judge's findings were amply supported by the evidence. The victim was the defendant's former wife. He had previously lived with the victim and the children at the home to which the letters at issue here were addressed. It is no big leap to infer that the defendant knew the patterns of the victim's household -- including those relating to the opening of the family's mail. Moreover, the letters were addressed to the "Fox Family," of which the victim was a member. By contrast, when the defendant wished to communicate only with the children, for example on their birthdays, he addressed his cards and letters to them individually. In addition, the subject matter, tone, and content of the letters reveal that they concerned matters directed to the victim -- not the children. For example, one letter began, "This letter doesn't pertain to you kids, these are not matters I would normally discuss with you."
In these circumstances, the evidence supported the judge's finding that the defendant intended to contact the victim, in violation of his probationary condition. " '[N]o contact' probation conditions, as well as the term 'no contact' in the related context of G. L. c. 209A protective orders, have been read broadly to foreclose a myriad of potential encounters, engagements, or communications between people" (quotations and citation omitted). Commonwealth v. Pereira, 93 Mass. App. Ct. 146, 153 (2018). There are many ways to achieve a communication, including indirectly through another; thus, the fact that the letters were not addressed to the victim individually is not dispositive. See generally Commonwealth v. Consoli, 58 Mass. App. Ct. 734, 741 (2003) (where defendant criticized victim to his father, but within earshot of victim, court held that no-contact order cannot be undermined "by the simple expedient of ricocheting prohibited comments off of third parties").
We are similarly unpersuaded by the defendant's argument that the probation order violated his right under the First Amendment to the United States Constitution to contact his children or interfered with his noncustodial rights of contact and communication with his children. Where, as here, the probationary conditions were reasonably related to the valid probationary purpose of protecting the victim, there is no infringement of the defendant's rights. Pereira, 93 Mass. App. Ct. at 153.
Order revoking probation and imposing sentence affirmed.

The probationary condition was imposed as part of the defendant's conviction of stalking, one of several crimes of which he was convicted and sentenced. The judgments were affirmed by a panel of this court, Commonwealth v. Fox, 90 Mass. App. Ct. 1108 (2016), and the underlying crimes all involved the same victim.

The probation conditions did not include a prohibition on contact with the victim's children.