COMMONWEALTH vs. WALTER JOHNSON, JR.

Hampden. December 4, 1996. - March 4, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Criminal,* Assistance of counsel, Continuance. *Constitutional Law,*
Assistance of counsel, Waiver of constitutional rights.

Ample evidence appeared on the record of a criminal proceeding to support
the conclusion that the defendant unequivocally had waived his right to
counsel and knowingly elected to represent himself, and the trial judge
properly determined the defendant's request on the day trial was to
commence that his standby counsel be appointed to represent him did
not, in the circumstances, warrant any further delay in the proceedings.
[339-343]

INDICTMENTS found and returned in the Superior Court
Department on March 15, 1985.

The cases were tried before *John F. Moriarty,* J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Lori K. Odierna,* Assistant District Attorney (*Jane David-
son Montori,* Assistant District Attorney, with her) for the
Commonwealth.

*Thomas G. Murray* for the defendant.

ABRAMS, J. We granted the Commonwealth's applica-
tion for further appellate review of an unpublished opin-
ion by the Appeals Court under its rule 1:28. See 39
Mass. App. Ct. 1116 (1995). The Appeals Court reversed
the defendant's convictions and ordered a new trial. The Ap-
peals Court concluded that the defendant did not "unequivo-
cally and voluntarily waive his right to be represented by
counsel." The Commonwealth contends that the defendant
had waived that right prior to the date of trial. The Com-
monwealth asserts the trial judge acted appropriately in refus-
ing to grant a continuance on the date set for trial. The Com-
monwealth further contends that the defendant's change of

mind about proceeding pro se on the day set for trial does not entitle him to a continuance of the trial date. We agree. We affirm the defendant's convictions.[1]

The defendant was arraigned on April 2, 1985. Counsel was appointed at that time. Shortly thereafter, he was assigned a different counsel to represent him at trial. On July 12, 1985, he filed a motion for waiver of counsel. On September 27, 1985, the defendant filed a motion to dismiss counsel concurrently with a motion by counsel to withdraw, both of which were allowed.

Successor counsel was allowed to withdraw on February 11, 1986. On February 12, 1986, after informing the defendant of the lack of wisdom in proceeding pro se, the judge appointed Attorney David Hoose to act as standby counsel for the defendant, who wished to have an adviser to help him conduct his defense.

On April 17, the day trial was to commence, the trial judge once again urged the defendant to reconsider his decision to proceed pro se. The defendant acquiesced and agreed to the appointment of Hoose as his representative, rather than having him act merely as a standby adviser. Hoose explained to the court that he was unprepared to go forward as lead counsel based on his understanding that his role was to be limited to standby counsel. He asked for a continuance to have adequate time to prepare. The prosecutor protested a further delay in the trial, based on the inconvenience and prejudice that it would cause for his witnesses. After reflection, the judge determined that the case would proceed that day with Hoose acting solely as standby counsel.

The defendant was convicted, see footnote 1, *supra*, and he appealed. The defendant claims that he had not waived his right to counsel and that counsel had been denied to him. The Appeals Court agreed and reversed stating, "That the defendant previously had waived counsel does not preclude his retraction upon the urging of the judge."

The Commonwealth argues that the defendant previously had waived his right to counsel and that a reversal of that de-

---

[1]The defendant was convicted of threat to commit bodily harm; intimidation of a witness; assault with intent to rape; two indictments charging indecent assault and battery; one indictment charging aggravated rape and one indictment charging nonaggravated rape as a lesser offense; and one indictment charging assault and battery.

cision on the date of the trial does not entitle him to a continuance especially because he had already dismissed two prior attorneys.

"The assistance of counsel is 'deemed necessary to insure fundamental human rights of life and liberty.' *Johnson* v. *Zerbst,* 304 U.S. 458, 462 (1938). It is a right accorded to every defendant, rich or poor, and zealously safeguarded by the Sixth and Fourteenth Amendments to the United States Constitution. *Faretta* v. *California,* 422 U.S. 806 (1975). *Gideon* v. *Wainwright,* 372 U.S. 335 (1963). However, a defendant may proceed to defend himself without counsel when he voluntarily and intelligently elects to do so. *Faretta* v. *California, supra.*" *Commonwealth* v. *Appleby,* 389 Mass. 359, 366, cert. denied, 464 U.S. 941 (1983).

There is ample evidence in the record for us to determine that the defendant waived his right to counsel and elected to represent himself at trial. See *Commonwealth* v. *Higgins,* 23 Mass. App. Ct. 552, 555 (1987) (defendant's conduct before date of trial may be held as amounting to a waiver). For example, the defendant sought to dismiss two different attorneys and filed two pro se motions on the matter, one seeking waiver of counsel, and the other seeking to dismiss counsel.

On February 11, 1986, the trial judge allowed defense counsel's motion to withdraw. At that time, a colloquy, the transcript of which is missing, occurred between the judge and the defendant on the issue of the defendant's desire to proceed pro se. A subsequent hearing was held on the next day for the purpose of determining the status of the defendant's counsel. At that hearing, the defendant stated that he would like an adviser to assist him. The judge appointed David Hoose as standby counsel.

One week later, the defendant filed three pro se motions, each of which involved some reference to his self-representation.[2] The transcripts that we have had an opportunity to review, combined with the defendant's actions following those hearings, show the unequivocal nature of the defendant's waiver. See *Commonwealth* v. *Hawkins,* 17 Mass.

---

[2]Two motions referred to his need for certain information "to have . . . prepared and effective self-representation" while another declared that "the Defendant, who by his self-representation" needed to inspect the tangible evidence.

App. Ct. 1041 (1984) (presumption of waiver attached where defendant had been advised of his right to counsel, had fired two different appointed counsel, and had acquiesced to have standby counsel assist him during trial.) As of the morning of the trial, we conclude that the defendant had waived his right to counsel and knowingly elected to proceed pro se.[3]

On the morning of the trial, with jurors waiting to be empaneled, the defendant changed his mind and asked for counsel at the judge's urging. The judge considered appointing the defendant's standby counsel to represent the defendant, but was informed that a further continuance would be needed for that attorney to be properly prepared to try the case. The judge determined that further delaying the trial would be inappropriate and that the trial would proceed with the defendant acting pro se with standby counsel.

The defendant argues that the judge violated his constitutional right to counsel by not granting a continuance to permit his newly appointed counsel to prepare. We do not agree. We are very wary of putting any defendant in the Hobson's choice of being forced to proceed with an unprepared lawyer or representing oneself pro se. See, e.g., *Commonwealth* v. *Cavanaugh*, 371 Mass. 46 (1976) (concluding that defendant's right had been violated where defendant was appointed a trial attorney for the first time only eight days before trial and was denied a continuance to prepare). That problem is not before us today. The position that the defendant found himself in on the morning of the trial was the result of his own actions.[4]

"[I]f a defendant does effectively elect to proceed pro se, he cannot later 'turn about and urge that he was improperly denied counsel.' " *Commonwealth* v. *Tuitt*, 393 Mass. 801, 807-808 (1985), quoting *Meeks* v. *Craven*, 482 F.2d 465, 467 (9th Cir. 1973). The court has "broad discretionary power . . . over requests for last-minute shifts in representation which threaten to delay a proceeding." *Commonwealth* v.

---

[3]Nowhere in his brief does the defendant claim that he did not previously waive his right to counsel. Rather, the argument in the defendant's brief focuses solely on the short span of time between when he claims to invoke his right to representation and when the judge denies the continuance. This narrow focus ignores the defendant's waiver of counsel prior to the day of trial.

[4]We emphasize that the judge expressed "no doubt" in agreeing with the prosecutor's suggestion that it was the defendant's own "actions all along that have delayed this case."

*Jackson*, 376 Mass. 790, 796 (1978). The judge who urged the defendant to accept counsel apparently proceeded on the assumption that standby counsel was prepared to go forward. That standby counsel was not prepared to go forward as trial counsel did not require the judge to grant a continuance.

The judge had before him a defendant who had waived his right to counsel and then who subsequently decided that he wanted representation. On the other hand, he had the interests of the prosecution, witnesses, and victims who already had endured a delay in the beginning of the trial. The case was over one year old. The judge knew that. Standby counsel told the judge that he was scheduled for several trials, all of which had to precede this trial. The defendant's prior actions in dismissing two other attorneys had delayed the trial. The judge also knew that he personally had advised the defendant of his rights in February and that the defendant specifically waived counsel. The judge weighed these factors and determined that the trial should proceed. See *Commonwealth v. Dunne*, 394 Mass. 10, 14 (1985), quoting *United States v. Poulack*, 556 F.2d 83, 86 (1st Cir.), cert. denied, 434 U.S. 986 (1977) ("the judge must blend 'an appreciation of the inevitable difficulties of trial administration with a concern for constitutional protections' ").

Given the defendant's decision to remove the two lawyers assigned to him previously and to wait until the morning of the trial to request counsel to represent him, we cannot conclude that the judge abused his discretion in deciding to proceed with the trial. "The judge did not abuse his discretion in turning down the defendant's request made at that late date. While we recognize the importance of counsel, we reject any suggestion that every defendant has an absolute right at the moment trial is to begin to retract his decision to represent himself." *Commonwealth v. Jackson*, 376 Mass. 790, 796 (1978). See *Glenn v. United States*, 303 F.2d 536, 541 (5th Cir. 1962), cert. denied sub nom. *Everitt v. United States*, 372 U.S. 920 (1963) ("By his rejection of the appointed counsel and his action in taking over his own defense, [the defendant] waived his right to the assistance of counsel, and his trial proceeded without infringement of his constitutional rights" despite a subsequent request for counsel).

The defendant elected to act as his own attorney in February. That was his constitutional right. See *Faretta v. Califor-*

*nia,* 422 U.S. 806 (1975). See also *Commonwealth* v. *Appleby,* 389 Mass. 359, 366 (1983). The Constitution, however, does not require that a defendant who sees the folly of his choice on the eve of trial be granted a continuance. "The right to counsel may not be manipulated in a cat and mouse game with the court . . . . Whether the attorney is deemed satisfactory or not, the court, at some point, may require the defendant to go to trial" (citation omitted). *United States* v. *Rodriguez Vallejo,* 496 F.2d 960, 965 (1st Cir.), cert. denied, 419 U.S. 965 (1974).

*Judgments affirmed.*