COMMONWEALTH *vs.* ULYSSES PENA.

Suffolk. January 6, 2012. - May 9, 2012.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, & GANTS, JJ.

*Practice, Criminal,* Probation, Revocation of probation, Plea, Assistance of counsel. *Moot Question. Due Process of Law,* Probation revocation, Assistance of counsel. *Constitutional Law,* Assistance of counsel.

A probationer's subsequent pleas of guilty to charges that formed the basis of his probation revocation did not render moot his claim that the denial of his right to counsel at the probation revocation hearing violated his constitutional rights, where such a claim went not to the determination whether the probationer had violated the conditions of his probation but to the disposition of the matter. [186-189]

At a probation revocation hearing, the probationer was not denied the assistance of counsel in contravention of his constitutional rights, where, in the circumstances, the probationer effectively waived his right to appointed counsel, and the judge, after the grant of several continuances to permit the probationer to secure counsel, did not abuse his discretion in declining the probationer's motion to continue the proceeding further. [189-196]

INDICTMENTS found and returned in the Superior Court Department on November 18, 2004.

A proceeding for revocation of probation was heard by *Frank M. Gaziano,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*David J. Rotondo* for the defendant.

*Helle Sachse,* Assistant District Attorney, for the Commonwealth.

SPINA, J. Ulysses Pena (probationer) was sentenced to terms of incarceration as a result of the revocation of his probation in the Superior Court. He appealed, arguing that he was denied the right to counsel at his probation violation hearing in contravention of the Sixth Amendment to the United States Constitution

and art. 12 of the Massachusetts Declaration of Rights.[1] In an unpublished memorandum and order entered on December 8, 2010, the Appeals Court, relying on *Commonwealth* v. *Fallon*, 53 Mass. App. Ct. 473, 475 (2001), dismissed the probationer's appeal as moot because he had pleaded guilty to the charges that formed the basis for his probation revocation. We granted the probationer's application for further appellate review. For the reasons that follow, we now affirm the revocation of probation.

1. *Background.* We begin with a brief overview of the proceedings below, reserving further details for our discussion of the specific issues.

On April 24, 2006, the probationer pleaded guilty in the Superior Court to charges of breaking and entering in the daytime with the intent to commit a felony, G. L. c. 266, § 18 (count 1); larceny over $250, G. L. c. 266, § 30 (1) (count 2); possession of burglarious tools, G. L. c. 266, § 49 (count 3); and resisting arrest, G. L. c. 268, § 32B (count 4). On count 1, he received a sentence of from two years to two years and one day in State prison. On counts 2, 3, and 4, he was given two years' probation with special conditions, to be served "from and after" his sentence on count 1. The probationer was released from his State prison sentence on October 27, 2006, and his term of probation extended through October 27, 2008. The conditions of his probation included reporting to his probation officer and paying a monthly probation supervision fee or, in the alternative, performing community service.

On June 13, 2007, while he was on probation, a Suffolk County grand jury returned several indictments against the probationer: breaking and entering in the daytime with the intent to commit a felony, G. L. c. 266, § 18 (three indictments); breaking and entering in the nighttime with the intent to commit a felony, G. L. c. 266, § 16 (three indictments); receiving stolen property with a value under $250, G. L. c. 266, § 60 (three

---

[1]The Sixth Amendment to the United States Constitution provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defence." Article 12 of the Declaration of Rights of the Massachusetts Constitution provides in pertinent part that "every subject shall have a right . . . to be fully heard in his defence by himself, or his counsel, at his election."

indictments); receiving stolen property with a value over $250, G. L. c. 266, § 60 (one indictment); and larceny over $250, G. L. c. 266, § 30 (1) (five indictments).[2] The charges stemmed from complaints to the police about the breaking and entering into homes in the Jamaica Plain, Roslindale, and Hyde Park neighborhoods of Boston on several dates, the majority primarily in 2007.

The probation department issued to the probationer a notice of surrender and hearings for alleged probation violations.[3] The alleged violations set forth in the notice were nine of the new offenses, as well as the probationer's failure to pay the monthly probation supervision fee in full and his failure to report to his probation officer on January 16, 17, and 31, 2008.

A judge in the Superior Court held a hearing on April 30, 2008. As will be discussed later in this opinion, the probationer had been appointed standby counsel, but at the commencement of the proceeding, he requested a continuance to retain private counsel. The judge denied the request. At the conclusion of the Commonwealth's evidence, the probationer again requested a continuance so that he could secure at least one witness to appear on his behalf and could retain private counsel. The judge granted the request, and the hearing resumed on July 29, 2008. The probationer had secured neither a witness nor private counsel, although he continued to have standby counsel.

At the conclusion of the hearing, the judge found that, as a result of the probationer's commission of the offenses set forth in the notice of surrender, the probationer had violated the conditions of his probation and, consequently, his probation was revoked. The judge sentenced the probationer to from four to six years in State prison on count 3, possession of burglarious tools, and from four to five years in State prison on count 2, larceny over $250, to run concurrently with the sentence on

---

[2]Two indictments charging breaking and entering in the nighttime with the intent to commit a felony subsequently were amended to charge breaking and entering in the daytime with the intent to commit a felony. The one remaining indictment charging breaking and entering in the nighttime with the intent to commit a felony was dismissed, as was one indictment charging larceny over $250.

[3]This document was dated March 22, 2007, and was amended on June 22, 2007, and February 8, 2008.

count 3. The judge ordered that the probationer's probation be terminated on count 4, resisting arrest.

On May 4, 2010, the probationer pleaded guilty to thirteen of the indictments that had been returned on June 13, 2007. See note 2, *supra.*

2. *Mootness.* As a preliminary matter, the Commonwealth contends that the probationer's appeal should be dismissed as moot because he pleaded guilty to the charges that formed the basis of his probation revocation. We disagree.

Generally speaking, "a case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " *Murphy* v. *Hunt*, 455 U.S. 478, 481 (1982), quoting *United States Parole Comm'n* v. *Geraghty*, 445 U.S. 388, 396 (1980). See *Blake* v. *Massachusetts Parole Bd.*, 369 Mass. 701, 703 (1976). In *Commonwealth* v. *Fallon*, 53 Mass. App. Ct. 473, 474-475 (2001) (*Fallon*), the court considered whether a probationer could appeal from an order revoking his probation where he had served the six-month sentence reimposed on revocation and was discharged before the appeal was briefed, and where he ultimately was convicted of the charges on which the revocation order was based. Concluding that the probationer's appeal was moot, the court stated that "[t]he convictions establish[ed], as [a] matter of record, based on the higher, beyond a reasonable doubt standard of proof, . . . that the [probationer], while on probation, violated the conditions of his freedom by committing new criminal offenses" (citation omitted). *Id.* at 475. That fact, the court continued, "submerge[d] any residual negative consequences of the probation revocation, so that questions concerning the validity of the revocation [were] purely academic."[4] *Id.*

---

[4]In *Commonwealth* v. *Fallon*, 53 Mass. App. Ct. 473, 474-475 (2001), the *sole* basis for probation revocation was the commission of new criminal offenses, and the probationer subsequently was convicted of those charges. The convictions established, beyond a reasonable doubt, that the probationer had "violated the conditions of his freedom." *Id.* at 475. Here, by contrast, the bases for probation revocation were the commission of new criminal offenses, to which the probationer eventually pleaded guilty, and two so-called "technical" violations. Although a violation of a condition of probation that is not based on the commission of a criminal offense has traditionally been referred to as a "technical" violation, such a violation is nonetheless serious and

In *Fallon*, the court viewed the probationer's convictions of the charges on which the revocation order was based as trumping claims of irregularities in the revocation proceedings, rendering any such considerations moot.[5] See *id.* at 474-475. However, a decision to revoke probation involves two distinct components. "[T]he judge must determine, as a factual matter, whether the defendant has violated the conditions of his probation. If the judge determines that the defendant is in violation, he can either revoke the probation and sentence the defendant or, if appropriate, modify the terms of his probation. How best to deal with the probationer is within the judge's discretion." *Commonwealth* v. *Durling*, 407 Mass. 108, 111 (1990). See *Commonwealth* v. *Faulkner*, 418 Mass. 352, 365 n.11 (1994) (not every probation violation requires revocation); *McHoul* v. *Commonwealth*, 365 Mass. 465, 469-470 (1974) (dispositional decision is matter of judicial discretion). See also *Black* v. *Romano*, 471 U.S. 606, 611 (1985). See generally Rule 5 of the District Court Rules for Probation Violation Proceedings 89 & commentary (LexisNexis 2011-2012) (conduct of probation violation hearings). In our view, the focus of the court's analysis in *Fallon* essentially pertained to the first component of the judge's probation revocation decision because of the nature of the probationer's claims in that case, and did not necessitate consideration of the second component of that decision. Here, the nature of the probationer's claim requires a broader analysis.

Certainly subsequent convictions or guilty pleas render moot an appellate claim that a judge erred in determining that a probationer had violated the conditions of his probation by committing a new offense. Indeed, the probationer here has not challenged the evidence supporting the judge's findings that he violated the conditions of his probation. However, subsequent

---

constitutes an equally valid basis for the revocation of probation. See *Rubera* v. *Commonwealth*, 371 Mass. 177, 180-181 (1976) ("*Any* conduct by a person on probation which constitutes a violation of any of the conditions of his probation may form the basis for the revocation of that probation" [emphasis added]). The probationer's guilty pleas had no bearing on his technical violations.

[5]Whether the term "moot," as used in *Commonwealth* v. *Fallon*, 53 Mass. App. Ct. 473 (2001), is entirely apt in the circumstances is perhaps debatable. Nonetheless, there does not seem to be a better operative term, and we consider the argument as presented by the Commonwealth.

convictions or guilty pleas do not render moot a claim, like the one made here concerning the right to counsel, that some aspect of the proceeding violated the probationer's constitutional rights, potentially impacting the second phase of the judge's probation determination, that pertaining to the disposition of the matter.

A probationer's right to present material relevant to this discretionary stage of a revocation proceeding is well established. See *Commonwealth* v. *Durling, supra* at 115-116. See also Rule 5 (d) of the District Court Rules for Probation Violation Proceedings, *supra* at 90 ("probationer shall be permitted to present argument and evidence relevant to disposition and to propose dispositional terms"). "It is not enough that a violation of probation conditions has been admitted or established at a hearing. A further and equally important step is necessary to determine whether such a violation warrants revocation and, if so, what sentence shall be imposed."[6] *United States* v. *Diaz-Burgos*, 601 F.2d 983, 985 (9th Cir. 1979). The "probationer is entitled to an opportunity to show not only that he did not violate the conditions [of his probation], but also that there was a justifiable excuse for any violation or that revocation is not the appropriate disposition." *Black* v. *Romano, supra* at 612. See *United States* v. *Morin*, 889 F.2d 328, 332 (1st Cir. 1989) (probationer has right, during second stage of revocation proceeding, to present court with mitigating circumstances and to put probation violations in "best possible light").

As will be discussed in the next portion of this opinion, a probationer is entitled to the effective assistance of counsel at a probation violation hearing whenever imprisonment may result. See *Commonwealth* v. *Patton*, 458 Mass. 119, 125 (2010), and cases cited. The absence of counsel may render a judge unable to make an informed analysis whether the violation of a condition of probation warrants revocation. See *Commonwealth* v. *Faulkner*, 418 Mass. 352, 365 n.11 (1994). On its face, the probationer's claim that his right to counsel was violated calls

[6]Here, because the probationer received straight probation, rather than a suspended sentence, following his original guilty pleas on April 24, 2006, as to counts 2, 3, and 4, he was subject to the imposition of any sentences provided by law for conviction of the underlying crimes. See Rule 7 (f) of the District Court Rules for Probation Violation Proceedings 97-98 (LexisNexis 2011-2012).

into question the constitutional integrity of his probation viola-
tion hearing. Although the probationer's guilty pleas validated
the judge's determination that the probationer had violated the
conditions of his probation, his commission of the underlying
offenses did not necessarily mandate revocation. See Rule 7 (d)
of the District Court Rules for Probation Violation Proceedings,
*supra* at 97 (setting forth dispositional alternatives after finding
of probation violation). If, in fact, the probationer was denied
the right to counsel, then it is conceivable that he was denied
the opportunity to persuade the judge to reach a different
dispositional result, and that the judge's exercise of discretion
in the matter was less than fully informed. Where revocation
was ordered, potentially as a result of constitutionally infirm
proceedings, the probationer could face damaging collateral
consequences. See *Commonwealth* v. *Wilcox*, 446 Mass. 61, 61
n.1 (2006) (probation revocation may have collateral conse-
quences beyond term of incarceration); *Commonwealth* v.
*Streeter*, 50 Mass. App. Ct. 128, 131 (2000) (same). Therefore,
in this case, questions concerning the validity of the probation
revocation are not purely academic. We conclude that the present
appeal is not moot, and we proceed to consider the merits of the
probationer's claim.

3. *Right to counsel.* The probationer contends that he was
denied the right to counsel at his probation violation hearing
when the judge, after refusing to grant the probationer's request
for a continuance so that he could retain the services of a private
attorney, required the probationer to proceed in a pro se capac-
ity with standby counsel. In light of these circumstances, the
probationer continues, the revocation of his probation must be
set aside. We disagree.

"Whether a motion for continuance should be granted lies
within the sound discretion of the judge, whose action will not
be disturbed unless there is patent abuse of that discretion,
which is to be determined in the circumstances of each case."[7]
*Commonwealth* v. *Bettencourt*, 361 Mass. 515, 517-518 (1972)
(one month adequate time to retain counsel for criminal trial).

---

[7]Rule 5 (e) of the District Court Rules for Probation Violation Proceedings,
*supra* at 90, states that "[p]robation violation hearings shall be continued only
by a judge and for good cause shown."

See *Commonwealth* v. *Cruz*, 456 Mass. 741, 747-748 (2010); *Commonwealth* v. *Johnson*, 424 Mass. 338, 340-343 (1997). A judge may not exercise his discretion in such a way that denial of a continuance deprives a defendant of the right to effective assistance of counsel and to due process of law. See *Commonwealth* v. *Miles*, 420 Mass. 67, 85 (1995), and cases cited; *Commonwealth* v. *Cavanaugh*, 371 Mass. 46, 50-51 (1976). We have stated that there is no "mechanical test" for determining whether the denial of a continuance constitutes an abuse of discretion because we must examine the unique circumstances of each case, particularly the reasons underlying the request. See *Commonwealth* v. *Cruz, supra* at 747; *Commonwealth* v. *Cavanaugh, supra* at 51. See also *Ungar* v. *Sarafite*, 376 U.S. 575, 589 (1964). A judge "should give 'due weight' to concerns about judicial economy and the avoidance of delays that do not 'measurably contribute to the resolution of a particular controversy.' " *Commonwealth* v. *Cruz, supra* at 748, quoting *Commonwealth* v. *Gilchrest*, 364 Mass. 272, 276-277 (1973). See *Commonwealth* v. *Dunne*, 394 Mass. 10, 14 (1985). At the same time, a "myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality." *Commonwealth* v. *Cavanaugh, supra*, quoting *Ungar* v. *Sarafite, supra.*

A probation violation proceeding is not considered to be a new criminal prosecution because the Commonwealth already has met its burden of proving guilt beyond a reasonable doubt. See *Commonwealth* v. *Wilcox*, 446 Mass. 61, 65 (2006); *Commonwealth* v. *Olsen*, 405 Mass. 491, 493 (1989). See also *Gagnon* v. *Scarpelli*, 411 U.S. 778, 782 (1973) (probation revocation, like parole revocation, not stage of criminal prosecution). However, such a proceeding implicates due process rights because a finding of a probation violation may result in a loss of liberty. See *Commonwealth* v. *Patton, supra.* Given that the revocation of probation "deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special [conditions]," *id.,* quoting *Gagnon* v. *Scarpelli, supra* at 781, "a probationer need not be provided with the full panoply of constitutional protections applicable at a criminal trial."

*Commonwealth* v. *Durling*, 407 Mass. 108, 112 (1990), citing *Gagnon* v. *Scarpelli*, *supra* at 782. Nonetheless, "whenever imprisonment palpably may result from a violation of probation, 'simple justice' requires that, absent waiver, a probationer is entitled to [the effective] assistance of counsel."[8],[9] *Commonwealth* v. *Patton*, *supra*, quoting *Williams* v. *Commonwealth*, 350 Mass. 732, 737 (1966). See *Commonwealth* v. *Faulkner*, 418 Mass. 352, 359-360 (1994).

As to the securing of such counsel, we have said that, as a general rule, "a defendant should be afforded a fair opportunity to secure counsel of his own choice." *Commonwealth* v. *Dunne*, *supra* at 13, quoting *Powell* v. *Alabama*, 287 U.S. 45, 53 (1932). See *Commonwealth* v. *Burbank*, 27 Mass. App. Ct. 97, 106 (1989). However, this is not an absolute right, and in some circumstances, it may be "subordinate to the proper administration of justice." *Commonwealth* v. *Connor*, 381 Mass. 500, 503 (1980). See *Commonwealth* v. *Dunne*, *supra* at 13-14. See also *Delisle* v. *Commonwealth*, 416 Mass. 359, 363 (1993) (probationer not entitled to continuance to retain counsel of own choosing). For example, "[a] court faced with a dilatory defendant has the power to take reasonable measures to keep proceedings moving forward, even if a defendant's refusal to arrange representation leaves him without counsel." *Commonwealth* v. *Jackson*, 376 Mass. 790, 796 (1978). With regard to an indigent defendant, the right to an attorney "does not guarantee the right to any particular court-appointed counsel." *Commonwealth* v. *Britto*, 433 Mass. 596, 600 (2001). See *Commonwealth* v. *Babb*, 416 Mass. 732, 735 (1994). Moreover, where a defendant chooses

---

[8]This right to counsel arises from the fact that a probation violation hearing is part of the sentencing process, and we have determined that "a defendant has a right to counsel during sentencing." *Commonwealth* v. *Wilcox*, 446 Mass. 61, 66 n.9 (2006), citing *Commonwealth* v. *Faulkner*, 418 Mass. 352, 360 (1994). Our view on this matter is somewhat more expansive than that of the United States Supreme Court. See *Commonwealth* v. *Patton*, 458 Mass. 119, 125 (2010).

[9]Rule 5 (a) of the District Court Rules for Probation Violation Proceedings, *supra* at 89, states that "[t]he probationer shall be entitled to the assistance of counsel, including the appointment of counsel for probationers determined by the court to be indigent." The Commentary to rule 5 (a) acknowledges that "the rule goes beyond current law by providing the right to counsel regardless of whether the probationer faces the possibility of imprisonment if probation is revoked." *Id.* at 91. See *Commonwealth* v. *Patton*, *supra* at 126.

not to accept appointed counsel, as is his prerogative, the defendant must either procure his own attorney or appear pro se. See *Commonwealth* v. *Drolet*, 337 Mass. 396, 401 (1958); *Commonwealth* v. *Jackson*, 3 Mass. App. Ct. 511, 518 (1975).

It is well established that an indigent defendant who refuses, without good cause, to proceed with appointed counsel may be deemed, by his conduct, to have waived his right to an attorney. See *Commonwealth* v. *Babb, supra.* See also *Commonwealth* v. *Lee*, 394 Mass. 209, 216 (1985) (where competent counsel is made available to defendant, refusal to accept such representation is voluntary waiver of right to counsel); *Commonwealth* v. *Stephens*, 44 Mass. App. Ct. 940, 945-946 (1998), citing *Commonwealth* v. *Babb, supra* ("defendant's refusal to proceed with appointed counsel without good cause constitutes 'abandonment,' after which he is not entitled to the appointment of new counsel"). "Waiver by conduct" may occur where a defendant fails to engage counsel within a reasonable time after the defendant has been given an express warning about the implications and consequences of proceeding without counsel. See *Commonwealth* v. *Means*, 454 Mass. 81, 91 (2009); *Commonwealth* v. *Appleby*, 389 Mass. 359, 366-368, cert. denied, 464 U.S. 941 (1983); *Commonwealth* v. *Pamplona*, 58 Mass. App. Ct. 239, 240 (2003).

Here, the probationer has conceded that the judge did not abuse his discretion when, on April 30, 2008, he denied the probationer's request for a continuance of his probation violation hearing so that he could retain a private attorney. Nonetheless, the probationer argues that he was denied the right to counsel because he neither waived that right nor invoked his right to self-representation. In the probationer's view, the judge should have offered him appointed counsel at the April 30 hearing, rather than "forc[ing]" the probationer to represent himself. Accordingly, we now consider whether the judge violated the probationer's right to counsel when he required him to proceed in a pro se capacity with standby counsel, keeping in mind the principle that a judge's discretion "cannot be exercised in such a way as to impair the constitutional right to have counsel who has had reasonable opportunity to prepare a defense."[10] *Commonwealth* v. *Cavanaugh*, 371 Mass. 46, 51 (1976) (judge must

---

[10]While we give substantial deference to a judge's factual findings regarding

balance need for additional time against fair and efficient administration of justice).

At the commencement of probation violation proceedings on March 22, 2007, an attorney was appointed to serve as the probationer's counsel pursuant to Rule 53 of the Rules of the Superior Court 980 (LexisNexis 2011-2012). On May 22, 2007, he filed a motion to withdraw, which was allowed, and another attorney was appointed to serve as the probationer's counsel.[11] In January, 2008, this attorney moved to withdraw, citing an irretrievable breakdown in the attorney-client relationship. A Superior Court judge allowed the motion but appointed the attorney to be standby counsel where his assistance was "limited only to offering advice and/or direction to the [probationer] if he so chose."[12] The probationer then appeared in court on January 8, 2008, at which time his probation violation hearing was continued, by agreement, until January 15, so that he could retain private counsel.

On January 15, 2008, the attorney filed a motion to withdraw as standby counsel, again citing an irretrievable breakdown in the attorney-client relationship. In an affidavit in support of his motion, he also stated that "the [probationer] has represented to this Court that he has every intention of retaining private counsel." After a hearing and colloquy with the probationer, the judge denied the motion to withdraw as standby counsel.[13] The judge indorsed the motion as follows: "Counsel's *sole* obligations are — advice if asked; no obligation to advocate in open court or to prepare the case for trial; counsel has the right to

the loss of the right to counsel, "we review claims of violations of the right to counsel de novo, making an 'independent determination of the correctness of the judge's application of constitutional principle to the facts found.' " *Commonwealth* v. *Means*, 454 Mass. 81, 88 (2009), quoting *Commonwealth* v. *Currie*, 388 Mass. 776, 784 (1983).

[11]There is nothing in the record to indicate why the first court-appointed attorney filed a motion to withdraw as the probationer's counsel.

[12]Once a defendant has waived his right to counsel, S.J.C. Rule 3:10 (6), as appearing in 416 Mass. 1306 (1993), permits a judge to assign standby counsel "to assist the [defendant] in the course of the proceedings." See *Commonwealth* v. *Molino*, 411 Mass. 149, 152-153 & n.4 (1991) (discussing role of standby counsel).

[13]There is nothing in the record to indicate what occurred during the judge's colloquy with the probationer.

voice his objection to any ethical concerns, i.e., taking the case back as trial looms" (emphasis in original). The probation violation hearing was continued to February 28, 2008, and then to March 18, and then to April 11, to allow the probationer to retain private counsel.

At the hearing on April 11, 2008, a different Superior Court judge reluctantly continued the matter once more, at the probationer's request, so that he could retain private counsel. However, the judge "clearly" told the probationer that this was "his last chance," and that he had to "get a lawyer" by the next hearing date on April 30, 2008. The probationer told the judge that "he had sufficient time to do so."[14]

On April 30, 2008, as the evidentiary hearing began, the probationer again requested a continuance because he had been unable to retain counsel. He stated that he needed a private attorney because "the false and perjured and misleading testimony that the district attorney and the police officer here provided to the Grand Jury is what caused [him] to get indicted." In the probationer's view, "everybody [was] against [him] . . . the police, the detectives, the [district attorney], and the probation officers." He told the judge that he had contacted family members and was "close to getting an attorney."

The judge declined to grant another continuance of the probation violation hearing. He stated that the probationer had been given appointed counsel, had "refused appointed counsel," had been provided with standby counsel, and had indicated that he would represent himself.[15] The judge pointed out that, according to the docket sheet in the case, the probationer had been granted numerous continuances so that he could retain private counsel. Further, when he was granted a continuance at the April 11 hearing, the probationer had been put on notice that it was his "last chance" to "get a lawyer," and he had responded that he could do so. The judge decided to go forward with the hearing,

---

[14]The record does not include a transcript of the hearing on April 11. The judge's warnings to the probationer at that proceeding and the probationer's response are described by the judge in the transcript of the April 30 hearing.

[15]Based on the events that transpired before the April 30, 2008, hearing, we construe the judge's statement about the probationer representing himself to mean that the probationer would secure his own counsel.

notwithstanding the probationer's protestations that he was unable to represent himself. In the judge's view, the probationer had known his options, and he "purposefully" was "trying to delay" the proceedings.

At the conclusion of the presentation of the Commonwealth's evidence, the probationer once again requested a continuance so that he could secure at least one witness to appear on his behalf and could retain private counsel. The judge stated that the probationer had been afforded "very capable counsel" whom the probationer did not want to use as primary counsel but was effectively using as standby counsel, conferring with him throughout the proceedings. Nonetheless, the judge granted the probationer's request, and the hearing resumed on July 29, 2008. On that date, the probationer had secured neither a witness nor private counsel, although he continued to have standby counsel[16] and to assert that he was unable to represent himself.

Based on the circumstances presented here, we conclude that the judge did not violate the probationer's right to be represented by counsel at his probation violation hearing. The probationer had court-appointed counsel, but as the judge stated at the beginning of the evidentiary hearing on April 30, 2008, the probationer "refused" his services, choosing instead to retain private counsel. In making such a decision, the probationer voluntarily waived his right to appointed counsel. See *Commonwealth* v. *Lee*, 394 Mass. 209, 216 (1985); *Commonwealth* v. *Appleby*, 389 Mass. 359, 366-367 (1983); *Commonwealth* v. *Stephens*, 44 Mass. App. Ct. 940, 945-946 (1998). Although we do not know what happened during the waiver colloquy on January 15, 2008, see note 13, *supra*, the probationer has not claimed that the colloquy was in any way inadequate or deficient. Moreover, he has not presented any evidence to show that he failed to understand the meaning or implications of his waiver of appointed counsel.[17] See *Commonwealth* v. *Lee*, *supra* at 218 (defendant has burden of showing that waiver of counsel was

---

[16]On June 24, 2008, another attorney was appointed to serve as the probationer's standby counsel.

[17]As the party bringing the appeal, the probationer bears the responsibility for ensuring that the record is adequate for appellate review. See *Commonwealth* v. *Woody*, 429 Mass. 95, 97 (1999); *Commonwealth* v. *Woods*, 419 Mass. 366, 371 (1995). See also *Commonwealth* v. *Lampron*, 65 Mass. App. Ct. 340, 349

ineffective because not intelligently made); *Commonwealth* v. *Higgins*, 23 Mass. App. Ct. 552, 556 (1987) (waiver of counsel may be held ineffective if defendant can show by preponderance of evidence that he did not have fair understanding of what waiver meant or entailed); *Commonwealth* v. *Hawkins*, 17 Mass. App. Ct. 1041 (1984) (defendant bore burden of establishing that waiver of counsel and acquiescence in arrangement for standby counsel were not knowing and intelligent). Accordingly, the probationer's waiver of appointed counsel was effective.

The probation violation proceedings that occurred from the time of the waiver colloquy on January 15, 2008, until the end of the evidentiary hearing on July 29, 2008, also support our conclusion that, additionally, the probationer waived his right to private counsel. After refusing appointed counsel, the probationer insisted on retaining a private attorney but then failed to do so despite numerous continuances affording him additional time. The probationer was warned at the hearing on April 11 that he was facing his last chance, and that he needed to hire a lawyer by the next hearing on April 30. Even after this warning, he failed to comply with the judge's directive. Contrary to the probationer's suggestion, the judge was not obligated at the April 30 hearing *again* to offer the probationer appointed counsel where that avenue already had been explored and rejected. The probationer's right to counsel at his probation violation hearing was impaired by his own conduct, not by the judge.[18] The probationer has conceded, and we now conclude, that the judge did not abuse his discretion when he denied the probationer's request for another continuance on April 30, 2008.

*Order revoking probation
affirmed.*

(2005) ("If there is information omitted from the record that is necessary to the defendant's claims, then it is the defendant's burden to correct the record").

[18]Because the probationer waived his right to counsel as a consequence of his conduct, and not by affirmative request, S.J.C. Rule 3:10 (3), as appearing in 416 Mass. 1306 (1993), which pertains to the execution of a written waiver form, is not applicable. See *Commonwealth* v. *Means*, 454 Mass. 81, 89-92 (2009) (differentiating waiver of counsel by affirmative request from waiver of counsel by conduct [abandonment]). See also *Commonwealth* v. *Appleby*, 389 Mass. 359, 366-368, cert. denied, 464 U.S. 941 (1983).