NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-1134

COMMONWEALTH

vs.

EDY G. SANTOS Y SANTOS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The probationer, Edy G. Santos Y Santos, appeals from an order finding him in violation of the terms of probation, revoking probation, and imposing guilty findings and sentences in a case that had been continued without a finding. He argues that he did not receive adequate notice, that the judge relied on improper factors, and that his attorney provided ineffective assistance. The Commonwealth concedes that counsel was ineffective. Because we agree that counsel was ineffective, and because other aspects of the proceedings were irregular to say the least, we reverse.

Background. On May 11, 2021, the probationer admitted to sufficient facts on a complaint charging him with operating a motor vehicle under the influence of alcohol (OUI) and negligent operation. The matter was continued without a finding for one

year on the general condition that he obey all laws and on the special condition that he complete a G. L. c. 90, § 24D, driver alcohol education program.  In addition, the probationer's driver's license was suspended for forty-five days.

Seventy-five days later, on July 25, 2021, a State trooper stopped the probationer in New Bedford for operating a motor vehicle after suspension of his license (OAS) in violation of G. L. c. 90, § 23.  The next day the probationer was arraigned on the OAS charge and a notice of probation violation issued.  The notice charged two violations:  the New Bedford OAS charge and failure to complete the § 24D program.

The probation violation hearing was held on September 22, 2021.  The probationer testified that when he was stopped on July 25, he did not understand that his license was still suspended because more than forty-five days had elapsed since the suspension of his license, and no one told him he was required "to go back to the RMV" to have it reinstated.  No evidence was presented that the probationer received notice from the registry of motor vehicles that he had to pay a reinstatement fee.  Although defense counsel argued that the probationer should not be held in violation because he "truly didn't understand that he would have to pay a reinstatement fee after the forty-five day suspension," counsel failed to raise the statutory defense that a person charged with OAS cannot be

2

prosecuted based on "failure to pay an administrative reinstatement fee without a prior written notice from the registrar mandating payment thereof." G. L. c. 90, § 23. The judge found the probationer in violation based on the New Bedford incident.[1] After further proceedings, discussed below, the judge revoked the continuances without a finding, entered guilty findings on the charges of OUI and negligent operation, and sentenced the probationer to concurrent one-year house of correction sentences, six months to be served, the balance suspended for one year.

Discussion. In a letter filed the day before oral argument, the Commonwealth conceded that counsel was ineffective for failing to raise the statutory defense to the New Bedford OAS violation. We agree. Probationers are entitled to effective assistance of counsel, evaluated under the standard set forth in Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). See Commonwealth v. Patton, 458 Mass. 119, 128 (2010). Counsel's failure to raise the lack of written notice from the registrar was conduct "falling measurably below that which might be expected from an ordinary fallible lawyer" and "deprived the [probationer] of an otherwise available, substantial ground of

---

[1] The judge found that the probationer's failure to complete the § 24D program was not a violation because he had tried to enroll in a program and was waiting for admittance.

3

defence." Saferian, supra. The finding of a violation must be reversed on the ground of ineffective assistance.[2]

Furthermore, had counsel been aware of the statutory defense and been more attentive to the evidence, she might have been better prepared to defend against the unfounded inference of perjury that the judge subsequently drew against her client. When addressing disposition, the judge reviewed the defendant's driving history and noted "another Fairhaven operating after license revocation because of OUI that's not on his criminal record because I assume it's still in process." When defense counsel, unaware of this charge, questioned the judge about the date of the incident, the judge quoted a sentence from the New Bedford OAS police report, which had been introduced as an exhibit: "In addition, it was also later observed that [the probationer] has been charged for operation after suspension on 5/31/2020 by the Fairhaven Police Department." On the basis of

---

[2] Represented by different counsel, the probationer pleaded guilty to the New Bedford OAS charge on November 15, 2021, and received a sentence of sixty days. While this guilty plea may "render moot an appellate claim that a judge erred in determining that a probationer had violated the conditions of his probation by committing a new offense," Commonwealth v. Pena, 462 Mass. 183, 187 (2012), it does not moot the probationer's distinct claim that he received constitutionally deficient representation at the hearing; "the two claims have separate identities and reflect different constitutional values." Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). Moreover, we do not view the probationer's subsequent guilty plea as "trumping claims of irregularities in the revocation proceedings." Pena, supra.

4

the Fairhaven incident, the judge jumped to the conclusion that the probationer was lying "when he just testified under oath that he didn't know his license was suspended." Flummoxed, counsel asked for a recess so she could speak with her client. During the recess, the judge asked the clerk "to pull any paperwork" regarding the Fairhaven OAS charge and obtained the police report, which the judge had marked as an exhibit. The Fairhaven charge became the focus of the remainder of the hearing.

A probationer's perjury and pattern of driving with a suspended license are certainly factors that a judge may consider in imposing sentence after revocation of probation. See Commonwealth v. Doucette, 81 Mass. App. Ct. 740, 744-745 (2012) (judge may take into consideration conduct relevant to deterrence, rehabilitation, and public safety). However, the judge's emphatic emphasis on the Fairhaven OAS charge was improper for a number of reasons.

As a matter of due process, the Fairhaven charge was not listed on the notice of violation, and the probationer lacked adequate notice that it would be used against him at the hearing. See Commonwealth v. Maggio, 414 Mass. 193, 196-197 (1993).[3]

_____

[3] Indeed, the probationer was not charged with the Fairhaven OAS until October 7, 2021, more than two weeks after the violation

5

As a matter of fact, the Fairhaven OAS stop is irrelevant on the issue of the probationer's credibility concerning the New Bedford OAS charge. The fact that the probationer was stopped for OAS in Fairhaven twenty days after his license had been suspended has no rational bearing on whether he honestly believed that his license was no longer suspended when he was stopped in New Bedford, fifty-five days later and seventy-five days after the forty-five day suspension. We defer to judges' credibility determinations "absent clear error." Commonwealth v. Moon, 380 Mass. 751, 756 (1980). The judge's determination here, based on the Fairhaven incident, that the probationer was lying when he testified that he believed his forty-five day license suspension had elapsed by the time of the New Bedford incident, is clearly erroneous. See Commonwealth v. Colon, 449 Mass. 207, 215 (2007), quoting Custody of Eleanor, 414 Mass. 795, 799 (1993) ("A judge's finding is clearly erroneous only where there is no evidence to support it or where the reviewing

___

hearing. See Commonwealth vs. Santos Y Santos, New Bedford Dist. Ct., No. 2133CR004059. See Jarosz v. Palmer, 436 Mass. 536, 530 (2002) (court "may take judicial notice of the court's records in a related action"). On November 15, 2021, the same day the probationer pleaded guilty to the New Bedford OAS charge, see note 2, supra, he was served with a probation violation notice based on the Fairhaven OAS charge. He consented to an immediate hearing, waived the hearing, admitted to the violation, pleaded guilty, and received a concurrent sixty-day sentence. A further November 15, 2021, docket entry states, "All charged disposed - No future events - Defendant discharged."

6

court is left with the 'definite and firm conviction that a mistake has been committed'").

The judge compounded this error by relying on a statement made by counsel as further evidence that the probationer had committed perjury. During the hearing, the judge stated, "And then he just told me under oath through you that he doesn't remember being stopped on May 31st. . . . How is that not straight-out perjury on an issue that is central to this hearing?" (emphasis added). In fact, although counsel at first represented to the judge that the probationer "says he was never pulled over in Fairhaven in May," after having an opportunity to consult with her client, counsel corrected herself and stated, repeatedly, that the probationer admitted to being pulled over in Fairhaven. Moreover, the Fairhaven incident was not "central" to the hearing; as noted above, the probationer did not even have notice of it. Finally, the probationer was not testifying, and could not be committing "straight-out perjury," when counsel, at first, mistakenly stated that he denied the incident.[4]

---

[4] We pass over whether the judge improperly took on the role of an advocate instead of an impartial arbiter when he asked the clerk to locate the Fairhaven police report. See Commonwealth v. Sneed, 376 Mass. 867, 870 (1978). The judge himself observed, "I'm not sure it's really up to me to do all this investigation. But when I heard something that I don't truly believe, I'm a dog with a bone." We are doubtful that a police report attached to an application for a criminal complaint that

Conclusion.  Both the finding of violation and the order revoking probation were constitutionally deficient. Accordingly, the order entered September 22, 2021, finding a probation violation, and imposing guilty findings and sentences, is reversed.  As the probationer has fully served the reversed sentences,[5] a remand for further proceedings is unnecessary.  See Commonwealth v. Bruno-O'Leary, 94 Mass. App. Ct. 44, 51 (2018).

So ordered.

By the Court (Green, C.J., Rubin & Massing, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered:  April 6, 2023.

---

has not yet been issued qualifies as a court record of which judicial notice may be taken.

[5] The probationer's one-year term of probation following his six-month commitment to the house of correction expired on March 23, 2023, and the docket does not reflect any further entries or notices of violation.

[6] The panelists are listed in order of seniority.